IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 24, 2010

## ROBERT EARL COLE v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Johnson County**
**No. X3243     Jean A. Stanley, Judge**

_____

**No. E2010-00081-CCA-R3-HC-FILED-AUGUST 3, 2011**

_____

Petitioner, Robert Earl Cole, appeals from the trial court's order dismissing his petition for writ of habeas corpus. After review of the entire record and the briefs of the parties, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J. and ALAN E. GLENN, J., joined.

Robert Earl Cole, Mountain City, Tennessee, *pro se.*

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; and Anthony Wade Clark, District Attorney General, for the appellee, the State of Tennessee.

### OPINION

Following a jury trial in the Shelby County Criminal Court in December 1991, Petitioner was found guilty of second degree murder. The trial court imposed a Range II sentence of forty years, with pre-trial jail credit from July 10, 1990, of 510 days. Petitioner was released from incarceration to serve his sentence on parole in February 2003. As a result of being convicted for aggravated assault in Shelby County, committed while on parole status, a parole revocation proceeding was initiated against Petitioner. His parole for the second degree murder sentence was revoked in September 2006.

The judgment regarding Petitioner's aggravated assault conviction reflects that he pled guilty on September 13, 2006, and was sentenced to serve three years by incarceration in the

Shelby County workhouse. He was given 75 days of pre-trial jail credit. By law, service of the three-year sentence for aggravated assault was required to be served consecutively to the forty-year sentence for second degree murder, because it is a sentence for a felony committed while on parole for a felony. Tenn. R. Crim. P. 32(c)(3)(A).

A document designated as a "Notice of Board Action," dated September 22, 2006, and regarding Petitioner's parole revocation proceedings, shows that because of his new felony conviction, Petitioner's parole was revoked, with an indication that he was to "Begin New Sentence" on September 5, *2007*. (Emphasis added). In another place on the "Notice of Board Action" there is written the following comment: "Must [s]erve [u]ntil 9/5/2007 before beginning service on new felony."

From the petition for habeas corpus, and both the Petitioner's brief and his reply brief, we glean that he is asserting he is entitled to habeas corpus relief from the three-year sentence for aggravated assault because he has "flattened out" i.e., fully served, the sentence for aggravated assault after he was again placed on parole on September 5, 2007, for the forty-year sentence for second degree murder.

The "Notice of Board Action" also states that the sentence expiration date for the second degree murder conviction is December 6, *2024*. (Emphasis added).

Petitioner relies upon Tennessee Code Annotated section 40-28-123(a) which states in pertinent part as follows:

> (a) Any prisoner who is convicted in this state of a felony, committed while on parole from a state prison, jail or workhouse, shall serve the remainder of the sentence under which the prisoner was paroled, *or part of that sentence*, as the [parole] board may determine before the prisoner commences serving the sentence received for the felony committed while on parole. (Emphasis added).

Petitioner's theory for his entitlement to habeas corpus relief is that he was placed back on parole on September 5, 2007, for the second degree murder sentence, and began serving the three-year sentence for aggravated assault on that same date. He attached a document, apparently generated by the Department of Correction, that shows his sentence for aggravated assault was fully served, i.e., "expired" on August 12, 2009. Hence, when he was not released from custody by incarceration on August 12, 2009, Petitioner filed his petition for habeas corpus relief on August 24, 2009. Petitioner asserts that he is only being held pursuant to a sentence that has expired and is therefore entitled to release.

Petitioner's analysis is flawed because he has equated an "expired" sentence with a sentence that has been changed from service by incarceration to service by parole. Taking everything in the light most favorable to Petitioner, he is not entitled to habeas corpus relief, and the trial court did not err by dismissing the petition. As our Supreme Court has explained,

> Habeas corpus relief is available in Tennessee only when "it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered" [quoting *State v. Galloway*, 45 Tenn. 326, 1868 WL 2122 at *4 (Tenn. 1868)] that a convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired.

*Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993).

Petitioner asserts that since his sentence for aggravated assault has expired, and the parole board paroled him in his second degree murder sentence of forty years in September 2007, he is entitled to be released from incarceration in the Tennessee Department of Correction by way of habeas corpus relief. However, a change in the type of service of the sentence of forty years for the second degree murder conviction from incarceration to parole does not mean that the sentence has expired. Indeed, the "Notice of Board Action" relied upon by Petitioner to show that he was paroled for the second degree murder *and* began serving the sentence for aggravated assault in September, 2007, clearly sets forth that the sentence of forty years for second degree murder does not *expire* until December 6, 2024. Petitioner's sentence will not expire for habeas corpus purposes until that date, whether the sentence is served by incarceration or supervised parole.

Taking every factual allegation of Petitioner as true, he has fully served his sentence for aggravated assault, and he is being held in custody by the Department of Correction despite the fact that the Board of Probation and Parole has decided to place him on parole for the sentence. Petitioner may very well be entitled to relief; however, his sentence for second degree murder has not expired. Accordingly, he is not entitled to relief by the writ of habeas corpus.

## CONCLUSION

As Petitioner is not entitled to habeas corpus relief, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE

-3-